PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

## Petition for Warrant for Offender Under Supervision

Name of Offender: James Richard Coffelt          Case Number: 3:11-00036

Name of Judicial Officer: Honorable Aleta A. Trauger, U.S. District Judge

Date of Original Sentence: January 3, 2013

Original Offense: 18 U.S.C. § 2113(a) Bank Robbery

Original Sentence: 42 months' custody followed by two years' supervised release

Type of Supervision: Supervised Release          Date Supervision Commenced: January 31, 2014

Assistant U.S. Attorney: Sunny A.M. Koshy          Defense Attorney: Caryll S. Alpert

## PETITIONING THE COURT

____ To issue a Summons.
_X_ To issue a Warrant.

## THE COURT ORDERS:
☐ No Action
☒ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this 26th day of Sept, 2014, and made a part of the records in the above case.

_____
Aleta A. Trauger
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Abigail Dillingham
U.S. Probation Officer

Place          Nashville, TN

Date           September 26, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.    Nature of Noncompliance

1.    <u>The defendant shall not commit another federal, state, or local crime.</u>

On September 20, 2014, Officer Ryan Mosley of the Smyrna Police Department was dispatched to a theft call at Wal-Mart, located at 570 East Enon Springs in Smryna, Tennessee. According to the loss prevention agent for Wal-Mart, Mr. Coffelt selected three packages of batteries and concealed them in the front of his pants. He proceeded to pass all points of sale and exit the store without making payment. Upon arrival, Officer Mosley made contact with the offender at a nearby parking lot. Mr. Coffelt was arrested and had a strong odor of alcohol coming from him. He was charged with public intoxication and theft. Mr. Coffelt is currently incarcerated at the Rutherford County Detention Center, with bail set at $4,000. His next Court appearance is scheduled for October 1, 2014.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Coffelt began his term of supervised release on January 31, 2014, and his supervision is due to terminate on January 30, 2016.

On March 17, 2014, Mr. Coffelt was referred to the Guidance Center treatment program in Smyrna, Tennessee, for a substance abuse assessment. He attended treatment twice a month and was in good standing in the program. Mr. Coffelt has maintained negative drug tests throughout his term of supervised release, with his last drug test conducted on August 7, 2014.

In June 2014, Mr. Coffelt started work at Alley-Cassetty Brick and Block through Express Employment. Mr. Coffelt indicated he did not pass the "personality test" and was subsequently terminated in August 2014. On August 15, 2014, Express Employment verified that Mr. Coffelt had failed a job skills test, but Express Employment attempted to relocate him at a different job site. He failed to show up for employment and was ultimately released from Express Employment. Mr. Coffelt is currently unemployed and was last known to reside with his aunt at 528 Rock Springs Road, #18, in Smyrna, Tennessee.

Mr. Coffelt was arrested and charged with Driving Under the Influence, Violation of Implied Consent, and Driving on Revoked License, 5th Offense, in Rutherford County, Tennessee, on August 8, 2014. His bond was set at $3,250. Mr. Coffelt was released on August 9, 2014, after making bond. His next court hearing on this offense is scheduled for October 21, 2014, in the Rutherford County General Sessions Court.

On August 12, 2014, Mr. Coffelt called the probation officer and reported he was arrested and charged with Driving Under the Influence in Rutherford County. He indicated he drank approximately one pint of whiskey prior to the incident.

A home contact was conducted at Mr. Coffelt's residence on August 13, 2014, and he submitted to a Breathalyzer test. His BAC registered at .073. The following day, Mr. Coffelt reported he normally consumes eight to nine beers per day and sometimes also drinks liquor. Mr. Coffelt reported never having received inpatient substance abuse treatment and agreed to do so at Buffalo Valley in Hohenwald, Tennessee.

Mr. Coffelt was admitted to the Buffalo Valley Treatment Center on August 21, 2014. He successfully completed the program on September 18, 2014.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that a warrant be issued for Mr. James Coffelt so that he may appear before the Court to answer to the violation behavior outlined above. This matter has been reported to a representative of the U.S. Attorney's office who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

SENTENCING RECOMMENDATION
UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
UNITED STATES V. JAMES RICHARD COFFELT, CASE NO. 3:11-00036

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003    PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) 18 U.S.C. § 3583(e)(3) | 6-12 months U.S.S.G. §7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G. §5D1.2(a)(1) | No recommendation |

Upon a finding, by the preponderance of the evidence, that the defendant violated a condition of supervised release, the Court may revoke the term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statue for the offense that resulted in such term of supervised release, 18 U.S.C. § 3583(e)(3).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may revoke probation or supervised release or extend the term of probation or supervised release and/or modify the conditions of supervision, U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted

_____
Abigail Dillingham
U.S. Probation Officer

Approved:

_____
Britton Shelton
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. Defendant   James Coffelt

2. Docket Number (Year-Sequence-Defendant No.)   3:11-00036

3. District/Office   Middle District of Tennessee

4. Original Sentence Date   January 3, 2013
   *month day year*

(if different than above):

5. Original District/Office   Same as above

6. Original Docket Number (Year-Sequence-Defendant No.)   Same as above

7. List each violation and determine the applicable grade (see §7B1.1):

| Violation(s) | Grade |
|---|---|
| Committing another federal, state, or local crime | C |

8. Most Serious Grade of Violation (see §7B1.1(b))   | C |

9. Criminal History Category (see §7B1.4(a))   | IV |

10. Range of Imprisonment (see §7B1.4(a))   | 6-12 months |

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

    ■ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available. Any term imposed upon revocation shall be ordered to be served consecutively to any sentence of imprisonment, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation. § 7B1.3(f)

12. Unsatisfied Conditions of Original Sentence

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (<u>see</u> §7B1.3(d)):

    Restitution($): <u>0</u>              Community Confinement:  <u>0</u>

    SA($):         <u>0</u>              Home Detention:         <u>0</u>

    Other:         <u>0</u>              Intermittent Confinement: <u>0</u>

13. Supervised Release

    If supervision is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (<u>see</u> §§7B1.3(g)(1)).

    Term: _____

    The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original sentence.

    Period of supervised release to be served following release from imprisonment:_____

14. Departure

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

15. Official Detention Adjustment (<u>see</u> §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission, 1331 Pennyslvania Avenue, N.W. Suite 1400, Washington, D.C. 20004, Attention: Monitoring Unit

1/11/90